10-2292-ag
Diaz v. Holder

BIA
Vomacka, IJ
A097 526 056

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of July, two thousand eleven.

PRESENT:
>       JON O. NEWMAN,
>       RICHARD C. WESLEY,
>       PETER W. HALL,
>           *Circuit Judges.*

_____

RICARDO ALONSO FLORES DIAZ,
>       *Petitioner,*

>       v.                                     10-2292-ag
>                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:          Andrew P. Johnson, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Andrew N. O'Malley, Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ricardo Alonso Flores Diaz, a native and citizen of El Salvador, seeks review of a May 20, 2010, order of the BIA, affirming the May 16, 2008, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his motion to suppress evidence and his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Flores Diaz*, No. A097 526 056 (B.I.A. May 20, 2010), *aff'g* No. A097 526 056 (Immig. Ct. N.Y. City May 16, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

## I.  Suppression

Flores Diaz argues that because immigration officers entered his residence without a warrant and without his consent, the evidence they obtained should have been excluded from his proceedings.  As stated in Flores Diaz's declaration, immigration officers knocked on his door and window in the early morning, he opened the door, they ordered him to walk inside the house and they followed him into the house.  The immigration officers asked Flores Diaz for his identification documents and his passport, which he provided to the officers.  Flores Diaz also stated that "[t]he houseowner's boyfriend later informed me that after immigration officials entered the house they showed him an order of deportation for someone who never lived at that address."

Although it appears that the immigration officers violated Flores Diaz's Fourth Amendment rights in entering the house without a warrant, *see Payton v. New York*, 445 U.S. 573, 590 (1980)*; United States v. Sanchez*, 635 F.2d 47, 58-59 (2d Cir. 1980), the Supreme Court has held that the rule that ordinarily excludes evidence obtained from a constitutionally invalid search does not apply in removal

3

proceedings, *see INS v. Lopez-Mendoza*, 468 U.S. 1032, 1038 (1984). Moreover, although the Supreme Court concluded that suppression might be warranted in removal proceedings if "egregious violations" of the Fourth Amendment were present, *id.* at 1050-51, we find these facts insufficient to constitute an "egregious" constitutional violation. As there is no reason to doubt the veracity of the evidence in question, and Flores Diaz does not suggest that his arrest was motivated by race or any other "grossly improper consideration," he was entitled to suppression only if: (1) he was arrested "for *no* reason at all"; and (2) the seizure was "sufficiently severe." *See Almeida-Amaral v. Gonzales*, 461 F.3d 231, 235 (2d Cir. 2006). Because the agency reasonably determined that the immigration officers' actions were not "for *no* reason at all," but because they had reason to believe that an individual with an outstanding deportation order resided at Flores Diaz's place of residence, the agency did not err in denying the motion to suppress. *See id.*

Additionally, the BIA did not err in finding that even if Flores Diaz's arrest was an egregious violation of his Fourth Amendment rights such that the evidence should have

4

been excluded, his subsequent asylum application and supporting testimony provided sufficient evidence of his alienage not directly derived from his arrest. *See Katris v. I.N.S.*, 562 F.2d 866, 869 (1977) (per curiam).

**II. Asylum, Withholding of Removal, and CAT**

*A.   Asylum and CAT Relief*

Flores Diaz challenges neither the agency's dispositive finding that his asylum application was time-barred under 8 U.S.C. § 1158(a)(2)(B) nor the agency's denial of CAT relief.  Accordingly, we decline to address these findings.

*B.   Withholding of Removal*

Flores Diaz argues that he was beaten in El Salvador by gang members on account of his membership in the particular social group of "merchants having readily available money."  The agency did not err in finding that Flores Diaz failed to demonstrate a nexus to a protected ground, however, as we have held that affluence alone is insufficient to create a particular social group within the statutory meaning of persecution. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 72-74 (2d Cir. 2007) (per curiam); *Matter of A-M-E*, 24 I. & N. Dec. 69, 76 (B.I.A. 2007).  The additional element Flores Diaz proposes here, that he was a merchant and was thus perceived to have readily available

5

funds, is insufficient to differentiate his putative social group from the "wealthy Guatemalan" social group discussed in *Ucelo-Gomez*. *Cf. Ucelo-Gomez,* 509 F.3d at 73 (noting that "it would be impractical for IJs to distinguish between petitioners who are targeted . . . because of their class status or merely because that's where the money is"). More importantly, Flores Diaz points to no evidence that he was targeted on account of his business ownership as distinct from the perception that he had money. In addition, the evidence in the record of gang-related violence in El Salvador does not lend support to his withholding claim. *See Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999). Accordingly, the agency did not err in concluding that Flores Diaz failed to demonstrate past persecution or a likelihood of persecution on account of a protected ground. *See Ucelo-Gomez*, 509 F.3d at 74.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

6

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk